IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY R. LEIDY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-3944 |
| | : | |
| MICHAEL J. ASTRUE,[1] | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J.                                                                 August 2, 2007

        Upon consideration of the brief in support of review filed by plaintiff and defendant's response thereto (Doc. Nos. 7 and 8), the court makes the following findings and conclusions:

        1.     On May 8, 1998, Kimberly Leidy ("Leidy") initially filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of April 24, 1998 with a second October 5, 2001 application alleging an onset date of May 12, 1999. (Tr. 32; 202-04; 753). After four administrative hearings before two different administrative law judges ("ALJ") and four decisions by those ALJs, Liedy's claims were ultimately denied. (Tr. 17-27; 34-36; 42-51; 58-67; 763-76; 777-92; 793-841; 842-88). On September 11, 2006, after the Appeals Council denied her request for review of the most recent administrative decision, Leidy filed her complaint in this court seeking review of that decsion pursuant to 42 U.S.C. § 405(g). (Tr. 9-11).

        2.     In the most recent administrative decision dated February 23, 2006, the ALJ concluded that Leidy had severe impairments consisting of a pseudo-seizure disorder and depression. (Tr. 20 ¶ 2).[2] The ALJ further concluded that Leidy's impairments did not meet or equal a Listing and that she had the residual functional capacity ("RFC") to perform simple and repetitive light work with certain restrictions. (Tr. 20 ¶ 7 - 22 ¶ 4; 24 ¶ 1; 26 Findings 3, 4, 6, 11). Ultimately, the ALJ found that Leidy was not disabled because she could perform a range of existing jobs. (Tr. 25 ¶¶ 3-4; 27 Finding 13).

        3.     The Court has plenary review of legal issues, but reviews the ALJ's factual

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue has been substituted for former Commissioner Jo Anne Barnhart as the defendant in this lawsuit.

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

      4.      In a somewhat scatter-gun approach, Leidy has raised a host of arguments in which she contends that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. I have attempted to address these arguments below to the extent that I could discern them. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

      a.      First, Leidy alleges that the ALJ failed to find her conversion disorder, somatization disorder, and bipolar disorder to be severe. Although the records indicate that some doctors mentioned somatization disorder (Tr. 149; 632) and bipolar disorder (Tr. 171; 559; 817), Leidy was not officially diagnosed with those disorders and there is no evidence that, if she suffers from those disorders, they are severe. When conversion disorder is mentioned, it is obvious that what is being discussed are Leidy's pseudo-seizures, which were found to be severe. (Tr. 603; 605; 608; 611; 616; 619; 800-01). As a result, I conclude that the ALJ's step two determination is supported by substantial evidence.

      b.      Second, Leidy contends that her depression and pseudo-seizures met the Listings for 12.04 (Affective Disorders), 12.06 (Anxiety Related Disorders), 12.07 (Somatoform Disorders) and 12.08 (Personality Disorders). Leidy specifically argues that she did have episodes of decompensation, contrary to the ALJ's conclusion and, thus, she did meet the C criteria for Listing 12.04 and the B criteria for Listing 12.06. After reviewing the record and the above noted Listings, I conclude that the ALJ's decision that Leidy's impairments did not meet or equal a Listing was supported by substantial evidence and Leidy has failed to show that her impairments rise to the necessary levels described in the relevant Listings. (Tr. 21 ¶ 3 - 22 ¶ 4). I conclude that Leidy has also failed to make any effort to systematically show that she meets each requirement of any of the above mentioned Listings. Furthermore, there is no evidence of repeated extended duration episodes of decompensation and Leidy's argument that she lives in a highly supportive living arrangement is unfounded. Leidy lives in a separate residence in her parents' house with its own kitchen and she pays her own bills, does her own housekeeping and eats separately from her parents. (Tr. 270-71; 302-04; 848-49). Therefore, I conclude that the ALJ's conclusion that Leidy did not meet or equal a Listing was supported by substantial evidence.

      c.      Third Leidy argues that the ALJ improperly rejected the opinions

2

of her treating psychiatrist, Dr. Carlos Velas ("Dr. Velas").  On several occasions, Dr. Velas opined that Leidy was disabled or had work preclusive impairments.  (Tr. 186-97; 336-37; 469-70; 471-75; 512-13; 543; 558-59; 571; 692; 699-701; 707-09).  Review of the ALJ's decision shows that the ALJ discounted Dr. Velas' opinions because Leidy's demonstrated ability to function, including that she completed an Associates degree with honors, maintained a separate residence from her parents, and the extent of her normal daily activities, contradicted his opinions.  (Tr. 23 ¶¶ 2-4).  The ALJ also noted that Leidy had testified that her depression and physical symptoms had improved and that she was having pseudo-seizures less frequently.  (Tr. 23 ¶ 5; 863-66).  I also note that the ultimate disability determination is reserved for the ALJ and a treating physician's opinion on that topic is not entitled to any special significance.  20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1); S.S.R. 96-5p.  Furthermore, the regulations provide that a treating physician is only provided controlling weight when his or her opinion is well supported by medically acceptable sources and not inconsistent with other substantial evidence in the record.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  In addition to the reasons stated above, Dr. Velas' positions, including his GAF scores, also seem extreme when viewed along side the medical records and other physicians' opinions and are contrary thereto.  <u>See</u> <u>e.g.</u> (Tr. 430-33 (consultative psychologist's report); 510 (Dr. Glosser, a treating neuropsychologist, concluding that Leidy's cognitive function should not be a significant impediment to work); 547-53 (consultative psychologist's report)).  I conclude that the ALJ's decision to discount the opinions of Dr. Velas was supported by substantial evidence.

        d.      Fourth, Leidy maintains that the ALJ failed to discuss all of the pertinent medical evidence.  Specifically, Leidy contends that the ALJ failed to discuss the records from the Easton Hospital Clinic (<u>e.g.</u> Tr. 338-64; 411-21, 630-58), The Easton Hospital Emergency Room (<u>e.g.</u> Tr. 400-09; 621-29), Dr. Liporace (<u>e.g.</u> Tr. 488-97), Dr. Roesham (<u>e.g.</u> Tr. 590-620), and Redi-Care (<u>e.g.</u> Tr. 717-19).  It would be impossible for the ALJ to discuss every page of the nearly 900 page record in this case.  Indeed, there is no requirement in the law or regulations that the ALJ discuss in the decision every piece of relevant evidence, especially when, like here, the record is voluminous.  <u>Hur v. Barnhart</u>, 94 Fed. Appx. 130, 133 (3d Cir. 2004) (citing <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 42 (3d Cir. 2001)).  Leidy also does not demonstrate what in these records would have shown that she was incapable of work.  In fact, after reviewing the records I do not find them particularly notable or helpful to Leidy's case.  <u>Id.</u>  As a result, I conclude that the ALJ did not commit error by not mentioning these records.[3]

        e.      Fifth, Leidy claims that the ALJ incorrectly assessed her RFC and that, as a result, the vocational expert's ("VE") testimony was not substantial evidence.  Specifically, Leidy claims that her RFC is less than stated because:  (1) her pseudo-seizures are debilitating; (2) she lives in a supportive living environment; (3) she has had sub-50 GAF scores; (4) her ability to complete an Associates degree is not indicative of her ability to work; (5) the ALJ failed to properly evaluate the impact of stress on her ability to work; and (6) the ALJ

---

[3] Contrary to Leidy's argument, it is clear to this court that the ALJ did adequately evaluate Dr. Glosser's opinion and found it generally supportive of her decision.  (Tr. 20 ¶ 6; 21 ¶ 4; 503-11).  Similarly, Leidy is mistaken that the ALJ failed to consider Dr. Velas' July 21, 2003 medical source statement.  <u>See</u> (Tr. 23 ¶¶ 2-5; 558-59).

failed to take into account the extended nature of her pseudo-seizures.  As a result of these factors and because Leidy claims that the ALJ improperly discounted her testimony and that of Dr. Velas, Leidy further contends that the hypothetical to the VE was faulty, and, thus, the VE's testimony was not reliable substantial evidence.

As discussed previously, the ALJ relied on substantial evidence in concluding that Leidy's pseudo-seizures did not preclude her from performing work and that she does not live in a supportive living environment.  As also discussed briefly above, only Dr. Velas assigned Leidy GAF scores of 50 or under, and the ALJ's decision to discount his opinion was supported by substantial evidence.  In fact, another doctor assigned Leidy a GAF score of 60.  (Tr. 395).  Contrary to Leidy's suggestion, analysis shows that her ability to perform in a school environment was only one factor that the ALJ properly considered in evaluating Leidy's subjective complaints and RFC.  (Tr. 23 ¶¶ 3-5).  Such an analysis is appropriate under S.S.R. 96-8p (stating that "The RFC assessment must be based on all of the relevant evidence in the case record").  The ALJ limited Leidy to simple, repetitive light work, with standard seizure precautions, no mandated teams or assembly lines or sustained public contact with the ability to have short periods of inattention, but able to complete work by end of the workday.  (Tr. 24 ¶ 1; 26 Finding 6).  Included in this RFC are adequate accommodations for Leidy's reaction to stress and the documented effects of her pseudo-seizures.  The evidence shows that the ALJ accounted for Leidy's functional limitations and restrictions in her RFC determination.  S.S.R. 96-8p.  Furthermore, because Leidy's RFC and the hypothetical question were legally sufficient, the VE's testimony was substantial evidence.  Moreover, as discussed above, Dr. Velas' opinions were reasonably discounted and, as discussed below, Leidy's subjective complaints were also reasonably discounted.  As a result, I conclude that the RFC determination and the VE testimony were supported by substantial evidence and Leidy's arguments must fail.

f.      Sixth, Leidy asserts that the ALJ improperly discounted the credibility of her testimony.  Specifically, she claims that although the ALJ recited some pertinent testimony, she failed to perform any real analysis and failed to give proper reasons for discrediting Leidy's testimony.  "Credibility determinations are the province of the ALJ", should only "be disturbed on review if not supported by substantial evidence", and are entitled to deference.  S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003); Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)).  Contrary to Leidy's argument, the ALJ's reasoning for discounting her testimony is readily apparent.  The ALJ discounted Leidy's testimony because it was contrary to much of the credible medical evidence, contrary to the fact that, with some accommodation, she was able to attain her Associates degree with honors, and contrary to the facts that she maintains a separate residence in her parents' house, pays rent, cooks for herself, and performs her own housecleaning.  (Tr. 23 ¶¶ 3-4).  The ALJ also mentioned that Leidy testified that her depression and physical symptoms have improved and that she was having pseudo-seizures less frequently.  (Tr. 23 ¶ 5; 863-66).  Therefore, I conclude that the ALJ's credibility determination is legally sufficient and supported by substantial evidence.

5.      As a result of the above, I conclude that Leidy's claims fail and judgment will be entered in favor of defendant.

An appropriate Order follows.

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY R. LEIDY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-3944 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

### ORDER

AND NOW, this 2nd day of August, 2007, upon consideration of the brief in support of review filed by plaintiff and defendant's response thereto (Doc. Nos. 7 and 8) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

                                                     \_\_\_Lowell A. Reed, Jr._____
                                                     LOWELL A. REED, JR., Sr. J.